UNITED STATES v. THREE PACKAGES OF DISTILLED SPIRITS.

(District Court, E. D. Pennsylvania. March 22, 1907.)

No. 7 of 1904.

INTERNAL REVENUE—FORFEITURE OF SPIRITS—INFORMATION.

An information for a forfeiture of distilled spirits for violation of Rev. St. §§ 3289, 3455 [U. S. Comp. St. 1901, pp. 2132, 2279], held bad on demurrer, as not sufficiently definite to disclose to the court or claimant the precise nature of the act charged to be a violation of the statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Internal Revenue, § 133.]

On Demurrer to Amended Information for Forfeiture.

J. Whitaker Thompson and Walter C. Douglas, Jr., for the United States.

Furth & Singer, for claimants.

J. B. McPHERSON, District Judge. The amended information now before the court, which seeks to forfeit three packages of distilled spirits for alleged violation of the revenue laws, contains three counts, of which the first count need not be considered, since the government concedes it to be demurrable. The second and third counts are as follows:

"(2) For that heretofore, to wit, prior to the seizure of the said three packages, they and each of them were then and there so stamped, branded, and marked as to show that their contents were distilled spirits manufactured by the Philadelphia Pure Rye Whisky Distilling Company, and had been duly inspected, and that all the provisions of the internal revenue laws in respect to the same had been complied with; whereas the said packages then and there contained something else than the contents which were therein when the said packages had been so lawfully stamped, branded, and marked by an officer of the revenue, to wit, compound liquor, manufactured by the mixing and compounding of distilled spirits with caramel, also called burnt sugar, and the said packages, then and there stamped, marked, and branded as aforesaid, with their contents as aforesaid, were on the 2d day of March, A. D. 1904, sold and shipped by the said Abe Strouse and Elias Wineland, trading as aforesaid, unto one John Birkman. Wherefore the said three packages and their contents are forfeitable to the United States by virtue of section 3455 of the Revised Statutes.

"(3) For that heretofore, to wit, prior to the seizure of the said three packages, certain distilled spirits, to wit, a compound liquor manufactured by the mixing and compounding of distilled spirits with caramel, also called burnt sugar, were found in each of said three packages, each of said packages then and there containing five gallons or more of said compound distilled spirits, without having thereon the marks and stamps required therefor by law, to wit, the stamps and marks for rectified spirits. Wherefore said packages are forfeitable to the United States by virtue of section 3289 of the Revised Statutes."

To these counts the claimants have assigned the following grounds of demurrer:

"(2) That the second article of said amended information is indefinite, obscure, vague, and uncertain, in that it is not made clear whether the 'something else' which is alleged to have been in the packages aforesaid at the time they were sold and shipped by the said Abe Strouse and Elias Wineland, trading as aforesaid, was a compound liquor manufactured by the mixing with caramel, or burnt sugar, of other distilled spirits than the distilled spirits which were originally inspected in said packages, or whether the 'something else' referred to, and alleged to be a compound liquor, consisted only of the distilled spirits which had originally been inspected in said packages, to which there had been added caramel, or burnt sugar.

"(3) That the third article in said amended information is indefinite, obscure, vague, and uncertain, in that it is not made clear whether the compound liquor alleged to have been manufactured by the mixing of distilled spirits with caramel, or burnt sugar, and charged to have been found in each of said three packages, consisted of other distilled spirits than the distilled spirits which were originally inspected in said packages, to which burnt sugar or caramel had been added, or whether it referred to the distilled spirits which were originally inspected in said packages, to which caramel or burnt sugar had been added."

It is apparent, I think, that the demurrer must be sustained. The information is certainly capable of being construed to charge that the claimants mixed caramel or burnt sugar with other spirits than the liquor received from the distilling company, using for this purpose the packages in which the spirits that came from the distillery had been, or were, contained. The claimants admit that, if the proof sustained this charge, a good ground for forfeiture would be established. But the information is also capable of being construed to charge that the liquor found in the packages when they were seized was compounded by mixing caramel or burnt sugar with the very spirits that were received from the distilling company, and that the compounding took place in the packages thus received. It is clear, from the argument of the United States attorney, that the government desires to raise the question whether the mixing of caramel or burnt sugar with distilled spirits, without affixing the stamps required when liquor is rectified, comes within the purview of the third paragraph of section 3244 of the Revised Statutes [U. S. Comp. St. 1901, p. 2096], and especially within the final clause of the paragraph, which declares that:

" * * * Every person who, without rectifying, purifying, or refining distilled spirits, shall, by mixing such spirits, wine, or other liquor with any materials, manufacture any spurious, imitation, or compound liquors for sale, under the name of whiskey, brandy, gin, rum, wine, spirits, cordials, or wine bitters, or any other name, shall be regarded as a rectifier, and as being engaged in the business of rectifying."

In the information as it stands, I agree with the claimants that this question is not raised with sufficient distinctness to justify the court in deciding it, or to enable the claimants to be certain that they will not be called upon at the trial to meet any other charge than this. It is therefore ordered that the demurrer be sustained, but leave is granted to the government to file an amended information within 10 days.